United States District Court
Southern District of Texas
**ENTERED**
October 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SALVEX, INC., § | |
| *Plaintiff,* § | |
| § | |
| V. § | CIVIL ACTION NO. 4:18-cv-1175 |
| § | |
| TRANSFAIR NORTH AMERICA INTERNATIONAL § | |
| FREIGHT SERVICES, INC. ET AL., § | |
| *Defendants.* § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the Court on Plaintiff Salvex, Inc.'s Motion to Amend Order and Judgment, or Alternatively, for New Trial.[1] ECF 88. Having considered the parties' submissions and the law, the Court recommends that Plaintiff's motion be denied.

## I. Background

Plaintiff Salvex, Inc. was substituted for Violet Rose as Plaintiff in this case. For purposes of this case Salvex, stands in the shoes of Violet Rose as the judgment creditor of a dissolved company called TransProject. ECF 19. The District Judge adopted the Magistrate Judge's recommendations, over Salvex's objections, and granted summary judgment in favor of Defendants on Salvex's claims for fraudulent transfer, conspiracy, alter ego/piercing the corporate veil, and joint business enterprise liability and dismissed this case with prejudice. ECF 65, 67, 84, 86, 87.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 61.

## II.     Legal Standards

Salvex asks the Court to reverse its summary judgment rulings pursuant to Federal Rules of Civil Procedure 52(b), 59(a), 59(e), and 60.  Federal Rules of Civil Procedure 52(b) and 59(a) are not applicable in this case because the Final Judgment (ECF 87) was entered on summary judgment motions and not upon findings of fact or a trial.  *See Shaw v. Am. Bankers Ins. Co. of Fla.*, No. CV H-18-3458, 2021 WL 3089248, at *1 (S.D. Tex. July 22, 2021) ("Relief under Rule 59(a) is inappropriate following the entry of summary judgment."); *Mann v. City of Tupelo*, No. 193CV107BD, 1995 WL 1945390, at *1 (N.D. Miss. June 21, 1995) ("Since Rule 52(b) applies to judgments rendered in 'actions tried upon the facts without a jury or with an advisory jury,' and the previous judgment which the plaintiffs ask for reconsideration on is a summary judgment, the court will construe the motion under Rule 59(e), which is appropriate for reconsideration of summary judgment."). The Court construes Salvex's motion as filed under Rule 59(e) and Rule 60.

A Rule 59(e) motion calls into question the correctness of a judgment. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Templet*, 367 F.3d at 479 (a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

Motions under Federal Rule of Civil Procedure 60 are subject to more stringent

substantive requirements than those under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993). In order to succeed under Rule 60(b) Salvex must show that it is entitled to relief under one of the following specific grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *Id.* Rule 60(b) should not be used to challenge errors that should be raised on direct appeal. *Shaw*, 2021 WL 3089248, at *2. Salvex does not specify which subsection of Rule 60(b) it is proceeding under here.

### III. Analysis

Salvex argues that: the Court erred in admitting supplemental evidence after the summary judgment hearing; the Court erred in concluding that its previously unpled fraudulent transfer claim was barred by the statute of limitations; fact issues regarding the availability of funds which could have been used to satisfy the Violet Rose judgment preclude entry of summary judgment; and the Declaration of Angie Santillan and its attached exhibits should be stricken.

Plaintiff submits the Affidavit of Tim Nguyen in support of its motion.[2] ECF 88-1.

---

[2] For unknown reasons, Nguyen's "Unsworn Declaration" made pursuant to Section 132.001 of the Texas Civil Practices and Remedies Code bears the Cause No. 2018-90586 in the 151st District Court of Harris County, Texas.

Nguyen's Affidavit describes information and events that were known to him as a Senior Trader for Salvex even before this suit was filed. All of Salvex's arguments and evidence were or could have been raised in summary judgment briefing before entry of Final Judgment. Salvex has not shown a manifest error of law or fact or presented newly discovered evidence. Instead Salvex merely rehashes arguments that were offered before the entry of summary judgment and attempts to introduce evidence that could have been presented before the Court ruled on summary judgment. Therefore, Salvex has not met its burden under Rule 59(e). *Schiller*, 342 F.3d at 567; *Templet*, 367 F.3d at 479. In addition, Salvex has failed to meet its burden to demonstrate any of the reasons for granting relief under the more stringent standards of Rule 60(b). *Edward H. Bohlin Co.*, 6 F.3d at 356-57.

### IV. Conclusion and Recommendation

Therefore, the Court recommends that Salvex's Motion to Amend Order and Judgment, or Alternatively, for New Trial (ECF 88) be DENIED

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 22, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge